91 F.3d 146
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Hector GRANADA, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-1222.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 19, 1996.*
Decided July 19, 1996.
 
 Before POSNER, Chief Judge, and ROVNER and EVANS, Circuit Judges.
 
 ORDER
 
 1
 In 1989 a jury convicted Hector Granada of various narcotics trafficking offenses. In the same proceeding, the jury also found that the assets of Granada's jewelry store were subject to criminal forfeiture pursuant to 21 U.S.C. § 853. We affirmed his conviction on direct appeal. United States v. Mojica, 984 F.2d 1426 (7th Cir.1993). Granada now brings a second motion pursuant to 28 U.S.C. § 2255, claiming that the combination of his sentence and forfeiture inflicted cumulative or multiple punishment in violation of the Double Jeopardy Clause. We agree with the district court that the claim is meritless and affirm.[1]
 
 
 2
 Granada first confuses criminal forfeiture with civil forfeiture, and so his prolix civil forfeiture arguments are irrelevant.[2] He then misunderstands that the section 853 forfeiture of his interest in the jewelry store was imposed in a single proceeding as a criminal sanction in addition to a term of imprisonment, and that "cumulative punishment is always consistent with the double jeopardy clause, provided there is but a single trial." United States v. Masters, 978 F.2d 281 (7th Cir.1992), cert. denied, 508 U.S. 906 (1993) (citing Missouri v. Hunter, 459 U.S. 359 (1983)). The only relevant limitation is that the cumulative punishment may not exceed what Congress has statutorily authorized. United States v. Handford, 39 F.3d 731, 733-34 (7th Cir.1994). Section 853 is explicit: "The court ... shall order, in addition to any other sentence imposed pursuant to this subchapter ... that the person forfeit to the United States all property described in this subsection." 21 U.S.C. § 853(a) (emphasis added). As the government asserts, the plain language of the statute makes clear that Congress intended forfeiture not to be an exclusive penalty, but to be imposed "in addition to any other sentence" for narcotics trafficking. Cf. Handford, 39 F.3d at 734 (plain language of 18 U.S.C. § 924(c) sufficient to establish Congress's intent to authorize cumulative punishment for federal crimes of violence).
 
 
 3
 The judgment of the district court is AFFIRMED. Because this disposition rests on the legal deficiency of Granada's claim, his motion to supplement the record is DENIED as moot.
 
 
 
 *
 After examining the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 As the government points out, Granada's claim is likely barred on procedural grounds. In light of our disposition on the meritlessness of his claim, we do not reach the procedural bar and do not consider the potential impact of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214
 
 
 [2]
 Of course, even if the government had brought its forfeiture action pursuant to section 853's civil analog, 21 U.S.C. § 881, Granada's double jeopardy argument would be squarely foreclosed by the Supreme Court's recent holding in United States v. Ursery, (U.S. June 24, 1996) (in rem civil forfeiture under section 881 is neither "criminal" nor "punishment" within meaning of double jeopardy)